Filed 11/19/25  P. v. Ledesma CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL SAMPSOLOT LEDESMA,<br><br>　　　Defendant and Appellant. | B338101<br><br>(Los Angeles County<br>Super. Ct. No. A520574) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed in part, reversed and remanded in part.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and David E. Madeo and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent

* * * * * *

Michael Sampsolot Ledesma (defendant) appeals the trial court's order summarily denying his petition for resentencing pursuant to Penal Code[1] section 1172.6[2] for his 1976 convictions for first degree murder and attempted murder. Although the court acted properly in summarily denying relief for his attempted murder conviction, it erred in summarily denying relief as to his first degree murder conviction. We accordingly affirm in part, and reverse and remand in part.

## FACTS AND PROCEDURAL BACKGROUND

I. Facts

A. *The underlying crime*

On a Friday night in April 1976, Steven Valencia showed up to an El Monte house party angry. Valencia was a member of the North Side Monte gang. Valencia asked his brother to join him in shooting a few guys he had seen on his way to the party; when the brother refused, Valencia extended the invitation to defendant, who was an associate of the gang. Valencia and defendant then left the party. Less than a mile from the house,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). We therefore refer to the law formerly codified at section 1170.95 as section 1172.6.

they opened fire on 12-year-old Anthony Meza and 14-year-old Hector Rodriguez. Meza died from gunshot wounds to the head; Rodriguez survived the gunshot wounds to his chest and legs. In the midst of the gunfire, either Valencia or defendant shouted, "North Side Montes." Defendant then returned to the party, admitted to shooting the boys, and bragged that the shooting "should make [him] in the [B]arrio" and "should get [him] into North Side Monte now."

### B. *The charges*

As pertinent here, the People charged defendant with (1) the first degree murder of Meza (§ 187); and (2) the attempted murder of Rodriguez (§§ 187, 664). The People further alleged, with respect to the murder and attempted murder counts, that defendant "used a firearm, to wit, a rifle" (§ 1203.06, subd. (a)(1)).

### C. *Relevant jury instructions*

The matter proceeded to a jury trial in 1976. For both the murder and attempted murder counts, the jury was instructed that defendant could be liable as the actual killer or as a direct aider and abettor. The jury was not instructed that defendant could be liable on a felony-murder theory, on a theory that he aided and abetted a lesser crime the natural and probable consequence of which was murder or attempted murder, or on any other theory of imputed malice.

### D. *Verdicts, sentence, and appeal*

The jury convicted defendant of the first degree murder of Meza and the attempted murder of Rodriguez. The jury also found true the allegation that defendant used a rifle. The trial court sentenced defendant to a state prison term of life in prison. We affirmed defendant's judgment on appeal. (*People v. Gulley, Ledesma, and Valencia* (Nov. 22, 1978, 2D Crim No. 30113)

3

[nonpub. opn.].)

## II. Procedural Background

On July 11, 2022, defendant filed a petition seeking resentencing under section 1172.6. After the court appointed counsel for defendant, the People filed an opposition and defendant filed a reply brief. After a short May 16, 2024, hearing, the trial court ruled that defendant had not shown a prima facie case for relief under section 1172.6 because there were no "instruct[ions] under natural and probable consequences or any theory that imputed malice based on participation in the crime."

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying him relief under section 1172.6.

Section 1172.6 is the procedural vehicle by which persons convicted of murder and attempted murder in now-final judgments can seek to vacate convictions that do not satisfy the currently permissible theories of homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""whether the petitioner would be entitled to relief if [those] allegations were proved."" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."" (*Ibid.*; *People v. Patton* (2025) 17 Cal.5th 549, 563.) It is only when "the petition

4

and record in the case establish conclusively that the defendant is ineligible for relief" that a trial court may summarily dismiss a petition. (*People v. Curiel* (2023) 15 Cal.5th 433, 450.) We independently review a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

## I. Summary Denial of Petition as to Attempted Murder Conviction

By its plain language, section 1172.6 only grants relief to those convicted of attempted murder if they were convicted under the natural and probable consequences theory. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*); § 1172.6, subd. (a).) Because the jury in defendant's case was not instructed on this theory, section 1172.6 does not provide a basis for relief for defendant's attempted murder conviction. (*Ibid.*; see *People v. Muhammad* (2024) 107 Cal.App.5th 268, 276-277; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457-458.)

For the first time in his reply brief, defendant argues that section 1172.6 grants relief for those convicted of attempted murder on *any* theory of imputed malice (rather than just on a natural and probable consequences theory), urging that *Coley* is factually distinguishable and that the legislative history for Senate Bill No. 775 (Stats. 2021, ch. 551) is littered with language so indicating. (See Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) Apr. 13, 2021, pp. 1, 3; Sen. Floor Analysis of Sen. Bill No. 775 (2021-2022 Reg. Sess.) Sept. 10, 2021, pp. 1, 2; but see Assem. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) July 12, 2021, pp. 1, 3.) We reject this argument. The plain text of section 1172.6 limits relief for attempted murder convictions to those

5

"under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)); what is more, our Legislature added this language at the same time it extended relief for murder convictions to any "other theory under which malice is imputed to a person based solely on that person's participation in a crime"; our Legislature's simultaneous decision to extend broad relief for one type of conviction but not another is not a "drafting error," but rather powerful evidence of its intent (*In re R.T.* (2017) 3 Cal.5th 622, 627 ["'When language is included in one portion of a statute, its omission from a different portion addressing a similar subject suggests that the omission was purposeful'"].)

## II.    Summary Denial of Petition As to First-Degree Murder Conviction

When it comes to convictions for murder, section 1172.6 more broadly affords relief if the petitioner's conviction rested on (1) a "theory of felony murder," (2) "the natural and probable consequences doctrine," or (3) "other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a)(1).)  The jury in defendant's case was not instructed on any theory of felony murder or on the natural and probable consequences doctrine; because defendant made no further argument to the trial court in support of his petition, the trial court's evaluation of the arguments presented to it was not incorrect.

For the first time on appeal, however, defendant argues that the direct aiding and abetting jury instruction omitted a critical element; that this omission made it possible for the jury to convict defendant by imputing Valencia's intent to defendant; and that defendant is accordingly entitled to relief under section 1172.6.  Although defendant forfeited this specific argument by

6

not raising it before the trial court, we elect to reach the merits because doing otherwise would simply postpone the evidentiary hearing to which we conclude defendant is entitled. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

The jury instruction used to define aiding and abetting at defendant's 1976 trial is erroneous under the law as it exists today. Today, and as our Supreme Court first held in a 1984 decision, a defendant is a direct aider and abettor only if he provides aid while (1) knowing the full extent of the perpetrator's criminal purpose, *and* (2) acting *with the intent or purpose of facilitating the perpetrator's commission of the crime.* (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; *People v. Beeman* (1984) 35 Cal.3d 547, 560 (*Beeman*).) Defendant's jury was instructed with the 1976 version of CALJIC No. 3.01, which provides that a defendant is a direct aider and abettor as long as he provides aid "with knowledge of the unlawful purpose of the perpetrator of the crime"; that instruction lacks the intent or purpose requirement, and *Beeman* declared this specific instruction to be invalid. (*Beeman*, at pp. 555, 560.) Because defendant's jury was not instructed that defendant, as a direct aider and abettor, must personally intend to facilitate the murder, the jury's resulting verdict does not conclusively negate the possibility the jury's verdict rested on an imputation of the perpetrator's intent to defendant. (*People v. Langi* (2022) 73 Cal.App.5th 972, 982-984 [defendant entitled to an evidentiary hearing under section 1172.6 because the jury instructions were conflicting over whether defendant had to aid and abet with the intent to facilitate the perpetrator's commission of the crime]; accord, *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 (*Lee*).)

The People resist this conclusion.

7

They argue that defendant cannot invoke section 1172.6 because the instructional error he complains of became evident with the 1984 *Beeman* decision; because section 1172.6 only provides relief if the petitioner "could not presently be convicted of murder or attempted murder because of changes to 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)), the People reason, the proper vehicle for complaining about the so-called "*Beeman* error" is a petition for a writ of habeas corpus, not a section 1172.6 petition. While the People may be correct that section 1172.6 is unavailable to correct an instructional error that could have been raised on direct appeal (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936-937; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173-1174)[3] or an instructional error that occurred *after* the law changed in January 1, 2019 (*People v. Whipple* (2025) 110 Cal.App.5th 1177, 1182-1183), and while a good argument might be made that section 1172.6 should not provide a basis for relief in these circumstances, our Supreme Court has now twice held that relief is available under section 1172.6 when a jury instruction allowed a jury to impute malice to the defendant—even where the instruction was legally correct at the time it was given (and hence provided no basis for relief on direct appeal) and where subsequent changes in the law independent of Senate Bill 1437 render it invalid today. (See *People v. Strong* (2022) 13 Cal.5th 698, 712 [jury instructions regarding imputation of intent in felony-murder cases valid at

_____

[3]     The propriety of allowing section 1172.6 to be used as a vehicle for relief when the instructional error at issue in the section 1172.6 petition could have been raised on direct appeal of the conviction is pending before our Supreme Court in *People v. Lopez* (Oct. 4, 2024, F085300) [nonpub. opn.], review granted Jan. 15, 2025, S287814.

time of trial, but subsequently invalidated by *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522; section 1172.6 provides a basis for relief]; *People v. Antonelli* (2025) 17 Cal.5th 719, 730-731 [jury instructions regarding imputation of intent in provocative murder cases valid at time of trial, but subsequently invalidated in *People v. Concha* (2009) 47 Cal.4th 653; section 1172.6 provides a basis for relief].) Our Supreme Court has reasoned that section 1172.6 relief may be available to such defendants because it is enough that section 188's substantive prohibition on imputed malice is *part* of the reason for section 1172.6 relief—even though *another part* of the reason is the prior development in the law that invalidated the instructions for imputing malice. (*Strong*, at p. 712.) That is precisely the situation we have here, as the instructions on direct aiding and abetting were correct at the time of defendant's trial (and correct at the time of his direct appeal) and subsequently invalidated by *Beeman*. In these instances, section 1172.6 relief may not be summarily denied. (*People v. Nino* (2025) 111 Cal.App.5th 844, 859-860; *Lee, supra*, 95 Cal.App.5th at pp. 1182-1183.)

The People also argue that there is no reasonable likelihood that the jury would read the aiding and abetting instructions to convict him of murder without also finding that he acted with the intent to help Valencia shoot the victims. But this argument does not speak to whether the instructions, as given, conclusively establish that defendant's conviction rests on a still-valid theory of murder; instead, it speaks to whether *the evidence* renders the instructional error harmless. That fact-driven issue is for the trial court to decide after an evidentiary hearing—that is, whether the evidence presented at that hearing proved beyond a

reasonable doubt that defendant acted with the intent or purpose of facilitating Valencia's conduct of shooting the boys when defendant agreed to shoot people and thereafter bragged about it.

**DISPOSITION**

The trial court's order is affirmed as to the summary denial of the attempted murder conviction, but is reversed and remanded for an evidentiary hearing on the murder conviction.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


I concur:



_____, J.
MOOR

The People v. Michael Ledesma
B338101


BAKER, J., Concurring in Part and Dissenting in Part



I agree defendant and appellant Michael Ledesma (defendant) is ineligible for Penal Code section 1172.6 (section 1172.6) relief in connection with his attempted murder conviction because that conviction does not rest on a natural and probable consequences theory of liability. I disagree, however, with the majority's holding that defendant is entitled to reversal because he may be entitled to relief in connection with his conviction for first degree murder. I will briefly explain why I would accordingly affirm the trial court's ruling outright.

Defendant argues he is not ineligible as a matter of law for section 1172.6 resentencing on his murder conviction because he believes the jury instructions at his trial, held a half-century ago in 1974, were defective. Specifically, his opening brief contends the aiding and abetting instructions "dispensed with any necessity of finding the mental relationship to the perpetrator's acts that would confer liability on [defendant] as an aider and abettor, while at the same time proclaiming him equally guilty as the perpetrator once the truncated elements of aiding and abetting were found to be true. That leaves the imputation of the perpetrator's malice to [defendant] as the only theory these instructions offered."

The initial problem with this argument is he never asked the trial court to consider it—defendant did not argue below that

the instructions given to the jury had a "gap" (as he puts it) that allowed the jury to impute the perpetrator's malice to him.[1]  That means the point is forfeited.  (See, e.g., *People v. Schell* (2022) 84 Cal.App.5th 437, 444 [argument in section 1172.6 proceedings that was not raised in the trial court is forfeited].)  The majority recognizes this but unwisely disregards the forfeiture for a reason that could be invoked in any (every?) case, making this a court of first view, not review.  (See generally *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264 ["The forfeiture rule generally applies in all civil and criminal proceedings.  [Citations.]  The rule is designed to advance efficiency and deter gamesmanship"].)

Apart from the forfeiture, what is left is an argument that turns on an issue our Supreme Court is likely to address.  (*People v. Lopez* (Oct. 4, 2024, F085300) [nonpub. opn.], review granted Jan. 15, 2025, S287814.)  Because we likely will have the benefit of our high court's authoritative guidance (and because the argument has been forfeited), I now offer only some brief observations on the merits.

Defendant's imputation of malice argument is unpersuasive for two reasons.  First, section 1172.6 was amended in 2021 to extend resentencing relief to (among others) "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*."  The statutory language I have italicized is the language

---

[1]  To the contrary, defendant conceded the opposite.  His briefing affirmatively informed the trial court that "if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law."

2

defendant relies on, but the Legislature never specified what sort of other malice imputation theory it had in mind. As far as I can tell, the Legislature had nothing in mind and instead included a "catchall" category just in case there was some theory of murder of which it was not aware and therefore could not specify. (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) July 13, 2021, p. 7.) That being the case, I would construe the Legislature's use of the word "theory" narrowly, not broadly. That is to say, I would read "theory" to mean some recognized but now defunct doctrine or legal principle that a prosecutor could rely on in closing argument to argue for a conviction (akin to the felony murder rule or the natural and probable consequences doctrine), not one-off instructional or trial errors that could have been pursued in a direct appeal from a conviction. There is no such theory (in the narrow sense) at issue in this case. Second, the defect in the instructions that defendant cites is not in any respect attributable to changes in murder law made in 2019; it is a defect that wholly appears (unlike the situation in *People v. Strong* (2022) 13 Cal.5th 698, 711-712) from Supreme Court caselaw that developed as early as the 1980s. In other words, the changes to murder law in 2019 are not even *a* cause for granting section 1172.6 relief on the circumstances presented here—except insofar as the statute is incorrectly construed as a procedural vehicle to reopen long-final convictions independent of the section 1172.6 prerequisites for relief.


BAKER, J.


3